Schweet Linde & Rosenblum, PLLC
575 S. Michigan St.
Seattle, WA 98108
P: (206) 275-1010  F: (206) 381-0101

Judge: Honorable Whitman L. Holt
Chapter 7

IN THE U.S. BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

In re

SOLEADOS ESATES, LLC

                          Debtor.

Case No.: 23-00196-WLH7

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY

## I.    INTRODUCTION & RELIEF REQUESTED

COMES NOW Spartan Business Solutions, LLC ("Spartan"), by and through its attorneys of record Schweet Linde & Rosenblum, PLLC, and responds to the Motion for Contempt and Damages for Violations of the Automatic Sta (sic) ("Motion"), Dkt. 6[1], filed by Soleados Estates, LLC ("Soleados"). The Motion is not well taken, as the sole basis for the relief requested

---

[1] An identical submission of the Motion and related documents was made in the consolidated cases of *In re Sullinair Jet Center, LLC* (Case No. 22-00933-WLH7) that was ordered administratively consolidated with *In re Pasco FBO Partners, LLC* (Case No. 22-00934-WLH7).

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES
FOR VIOLATIONS OF THE AUTOMATIC STAY – 1

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

§362(k)[23], does not authorize an award of any type to a non-individual entity under controlling 9th Circuit precedent.

## II. JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter constitutes a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is appropriate in this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the Motion appears to be §362(k).

## III. STATEMENT OF FACTS

The factual background of the events giving rise to the issue before the court are detailed in the Declaration of Matthew Green, Dkt. 12, and the Declaration of Jason Gang, Dkt. 13. Those declarations, including exhibits, are hereby incorporated herein as though fully set forth.

## IV. ISSUE

Whether Soleados is entitled to any relief under §362(k)?

## V. ARGUMENT

**A. <u>Soleados Lacks Standing to Seek the Relief Sought in the Motion.</u>**

The filing of a Chapter 7 bankruptcy of a corporate entity vests operation of the management of said entity in the appointed Chapter 7 Trustee, and former management has no further rights or duties, other than to provide property and information to the appointed Chapter 7

---

[2] All Chapter and Section references herein are to the United States Bankruptcy Code, 11 U.S.C. §§101-1532, unless otherwise specified.

[3] This response presumes the Motion references §362(k) by its pre-BAPCPA subsection §362(h), as current §362(h) does not reference "willful violations" but rather relates to the implications for the stay vis-à-vis a debtor's statement of intent.

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES
FOR VIOLATIONS OF THE AUTOMATIC STAY – 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

23-00196-WLH7    Doc 15    Filed 05/10/23    Entered 05/10/23 14:01:29    Pg 2 of 5

Trustee. Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 352-352 (1985) ("Weintraub").

Though Weintraub was decided in the context of control over the assertion of the attorney-client privilege of a Chapter 7 bankrupt debtor, the logic underpinning that decision, in particular the reliance on the legislative history that upon the commencement of Chapter 7 for a corporate entity that the prior directors are "completely ousted," Id. (quotations in the original), is equally applicable here where the prior director is attempting to assert a claim for an alleged violation of the Automatic Stay.

Because Soleados lacks standing to seek the relief sought in the Motion pursuant to 362(k) the Motion should be denied.

**B. The 9th Circuit Has Held Only Individuals Are Entitled to Damages Pursuant to §362(k).**

The filing of a bankruptcy petition imposes a stay on most collection actions by creditors. §362(a). Parties violating the stay can, in certain circumstances, be liable to a debtor for actual damages for a stay violation, which can include attorney fees, if the aggrieved party is an individual. §362(k). The term "individual" does not include corporation or other business entities. *In re Goodman*, 991 F.2d 613, 619 (9th Cir. 1993) (holding the term individual does not include business entities relying on the definition of "person" found at 1 U.S.C. §1).

In *Goodman*, the 9th Circuit specifically addressed the question of whether or not damages are available under §362(k), and adopted a Brightline rule that business entities are not "individuals" for the purpose of §362(k) and are therefore not entitled to relief under that statute. *In re Goodman*, 991 F.2d at 619-620. The holding of *Goodman* was extended to bar Chapter 7 Trustee's from recovering damages under §362(k) as well. *In re Pace*, 159 B.R. 890, 903-904 (9th

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY – 3

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

23-00196-WLH7    Doc 15    Filed 05/10/23    Entered 05/10/23 14:01:29    Pg 3 of 5

Cir. B.A.P. 1993). This is true despite panel trustee's being natural persons because the Trustee was acting solely for the benefit of an artificial entity, the bankruptcy estate. *Id.* at 904.

In the present case, Soleados is unquestionably not an individual, as that term is defined for application of §362(k). Because only an individual is entitled to relief under that section, the relief sought in the Motion should be denied.

C. **Soleados Has Not Submitted Any Justification for the "Damages" It Alleges to Have Suffered.**

To the extent Soleados is entitled to relief, they have not presented any evidence to support the amount of damages they seek. Indeed, there is no allegation of actual damages in the Declaration of John A. Sullins Re: Motion for Contempt Damages for Violations of the Automatic Stay ("Sullins Dec."). Dkt. 7. The Sullins Dec. simply attaches as Exhibit E an itemization of alleged damages on a "per incident" value of $1,000. The Sullins Dec. goes on to assert attorney fees damages for 10 hours of work by Mr. McBurney, counsel for both Soleados and the two debtors in this consolidated Chapter 7 proceeding. No description of what "research" was conducted for 1 hour, but presumably that research should have alerted counsel to the *Goodman* and its progeny that clearly limit Soleados ability to recover, as detailed above, and no authority, save a reference to §362(k) is mentioned in the Motion itself. Finally, there is nothing in the record to justify Mr. McBurney's proposed rate of $500/hr. as being reasonable under the *Lodestar* method.

Simply put, Soleados has not established any damages it has actually incurred, to the extent they can even seek to utilize the remedy offered individuals under §362(k).

VI. **CONCLUSION**

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY – 4

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

23-00196-WLH7    Doc 15    Filed 05/10/23    Entered 05/10/23 14:01:29    Pg 4 of 5

For the reasons outlined above, Spartan respectfully requests this court enter an order denying the motion.

DATED: May 10, 2023

        **SCHWEET LINDE & COULSON, PLLC**

*/s/Michael M. Sperry /*
Michael M. Sperry, WSBA #43760
Attorneys for Spartan Business Solutions, LLC

RESPONSE TO MOTION FOR CONTEMPT AND DAMAGES FOR VIOLATIONS OF THE AUTOMATIC STAY – 5

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

23-00196-WLH7    Doc 15    Filed 05/10/23    Entered 05/10/23 14:01:29    Pg 5 of 5